**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COMMUNICATIONS MANAGEMENT SERVICES, LLC, et al.,

Plaintiffs-Appellants,

v.

QWEST CORPORATION, et al.,

Defendants-Appellees.

No.   15-35035

D.C. No. 3:14-cv-00249

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 6, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and ANELLO,[**] District Judge.

Plaintiffs-Appellants Communications Management Services, LLC, along

with several other Oregon payphone-services providers (collectively, "Plaintiffs"),

appeal the district court's dismissal of all fourteen of their claims against

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

Defendant Qwest Corporation ("Qwest"). We review the decision below de novo. *Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm the dismissals of Claims 1–9 and 12–14, reverse as to Claims 10 and 11, and remand Claims 10 and 11 to the district court with instructions to consider whether this case should be remanded to the Oregon state court.

The district court properly exercised subject matter jurisdiction over the suit under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Plaintiffs' second claim alleges in part that "Defendants have been unjustly enriched at the expense of Plaintiffs by failing to (1) timely file NST ["New Services Test"] compliant payphone rates as required by the FCC [Federal Communications Commission]." This alleges that Qwest violated a duty supplied by federal law, and therefore the claim "necessarily raise[s] a stated federal issue" which is both "actually disputed and substantial." *Grable,* 545 U.S. at 314.

The district court correctly concluded that Plaintiffs' first claim is barred by claim preclusion because the same court had previously adjudicated and rejected it in *Nw. Pub. Commc'ns Council ex rel. Oregon v. Qwest Corp.*, 877 F. Supp. 2d 1004, 1009 (D. Or. 2012) ("*NPCC III*"). Plaintiffs argue that the issue was not decided on the merits in the prior litigation, but this court was clear in affirming the dismissal of that action that—"[o]n the merits"—the complaint had failed to

state a claim. *Oregon ex rel. Nw. Pub. Commc'ns Council* 563 F. App'x 547, 548 (9th Cir. 2014).

Claim 9 fails to state a claim for relief because it does not allege the statutory elements required for relief under Or. Rev. Stat. § 759.185, which "applies only in the context of *new* or *increased* rates sought by the utility." *Pac. Nw. Bell Tel. Co. v. Eachus*, 898 P.2d 774, 779 (Or. Ct. App. 1995). Plaintiffs' allegations show that Qwest charged then-existing prices during the relevant time period, neither establishing a new rate nor increasing an old one. As for Claim 14, Plaintiffs have waived any challenge to the dismissal of that claim by failing to discuss it in their opening brief. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

The district court dismissed the remaining claims as barred either by the relevant statute of limitations or by laches. Plaintiffs argue (1) that their claims are timely because the claims accrued later than the dates found by the district court; (2) that after their claims were dismissed without prejudice in a prior federal

15-35035

action,[1] Plaintiffs refiled within the 180-day savings period provided by Oregon statute, Or. Rev. St. § 12.220;[2] and (3) that 28 U.S.C. § 1367(d)[3] tolled the limitations periods while *NPCC I* was pending in federal court and for thirty days thereafter. We take these arguments in turn.

First, the district court did not err in determining Plaintiffs' claim accrual dates. Plaintiffs made allegations similar to the ones in Claims 2–7 and 13 here as early as 2001, in Plaintiffs' filings in the "Refund Case" before the Oregon Public Utilities Commission ("PUC"). *Nw. Pub. Commc'ns Council v. Qwest Corp.*, 2011 WL 6357790 (Or. PUC 2011). The district court correctly concluded that the

---

[1] In 2010, Plaintiffs filed an amended complaint against Qwest. *See Nw. Pub. Commc'ns Council v. Qwest Corp.*, No. 09-CV-1351-BR, 2010 WL 4260341, at *3 (D. Or. Oct. 25, 2010) ("*NPCC I*"). In that action, they asserted 18 claims: five federal claims and 13 of the state-law claims at issue in the instant action. The district court dismissed the five federal claims as time-barred. *Id.* at *8–9. The court declined to exercise jurisdiction over the state-law claims. *Id.* at *10. This court affirmed. *See Nw. Pub. Commc'ns Council v. Qwest Corp.*, 538 F. App'x 822 (9th Cir. 2013).

[2] That statute provides that if a timely filed action is "involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action," and "a new action is commenced . . . not later than 180 days after the judgment dismissing the original action is entered in the register of the court," then "the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute." Or. Rev. Stat. § 12.220.

[3] Section 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a) [providing for supplemental jurisdiction over state-law claims], . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

Refund Case allegations indicated that Plaintiffs had been sufficiently aware of the pertinent facts to be on inquiry notice of these claims by 2001. Furthermore, these claims accrued again in 2003, when Qwest unilaterally lowered its rates and thus established that the final rates would be lower than the former interim rates. "The fact that . . . [Plaintiffs] w[ere] not in a position," in May 2001 or August 2003, "to determine the precise amount of the overcharges, or even whether the charges were excessive at all, does not change this result." *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1092 (9th Cir. 2006). Claim 8 accrued by 2003 for the same reasons.[4] Therefore, Claims 2–8 and 13 are untimely regardless of any tolling. We affirm the district court's order as to these claims.

We also affirm the district court's order as to Claim 12. The 180-day savings period provided by Or. Rev. Stat. § 12.220 began running upon dismissal of the suit in the trial court, regardless of any appeal. *Belinskey v. Clooten*, 239 P.3d 251, 255 (Or. Ct. App. 2010) (holding that § 12.220 requires plaintiffs to re-file claims "within 180 days of when the trial court entered its *original, pre-appeal*

---

[4] Although the district court assumed *arguendo* that the accrual date for Claim 8 was November 13, 2009 (when *NPCC I* was filed), it noted that the claim "likely accrued long before [then]." We agree. Since Claim 8 does not incorporate the allegations in Claims 9–12 regarding undue preferences and discriminatory practices, it is apparently based on the alleged overcharges and failure to pay additional refunds, *i.e.* the same allegations as Claims 2–7. Moreover, Plaintiffs themselves argued in their opening brief that Claim 8 accrued on the same date as Claim 2.

judgment." (emphasis added)). Plaintiffs therefore did not re-file within the statutory period. And even assuming (as the district court did) that Claim 12 did not accrue until November 15, 2007—the day that the Oregon PUC entered its order finalizing the NST-compliant rates—tolling under 28 U.S.C. § 1367(d) does not save Claim 12 either.[5]

However, Claims 10 and 11 were timely filed. The district court erred in holding that 28 U.S.C. § 1367(d) tolled the statutes of limitations for Plaintiffs' state-law claims in *NPCC I* only until the district court's dismissal (*i.e.*, not during the ensuing appeal as well) because Plaintiffs failed to raise the state-law claims in their opening brief on appeal. It is the Notice of Appeal—not the opening brief— that determines initially the scope of the appeal. The Notice of Appeal included the dismissal of the state-law claims. Dkt. 7, *NPCC I*, No. 09-cv-01351 (D. Or. Apr. 12, 2011).[6] So appealed, those claims remained "pending" for purposes of section 1367(d) until resolved by this court. Therefore, section 1367(d) tolled the limitations periods throughout *NPCC I*—including the appeal to this court. Claims 10 and 11 were thus timely when Plaintiffs re-filed them in the instant action on

[5] Because we agree with the district court's accrual findings, even with Plaintiffs' interpretation of section 1367(d), the two-year statute of limitations expired on November 6, 2013. Plaintiffs filed on November 15, 2013.
[6] This court can and does take judicial notice of the Notice of Appeal filed in *NPCC I. See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

15-35035

November 15, 2013.[7] We reverse the district court's dismissal of those claims and remand.

Finally, Plaintiffs argue that their other claims can be salvaged by amendment. A claim may be dismissed with prejudice only if it is "'clear' that 'the complaint could not be saved by *any* amendment.'" *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (emphasis added) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)). Amendment cannot save any of Plaintiffs' claims that are precluded, time-barred, or waived based on facts not subject to change. It is possible, however, that Claim 9 can be amended to state a claim.[8] Claim 9 is therefore dismissed without prejudice. We affirm the district court's decision to dismiss Claims 1–8 and 12–14 with prejudice.

---

[7] We affirm the district court's finding that Claims 10 and 11 accrued no later than December 31, 2004, because no conduct relevant to these claims took place after 2004. Accordingly, one year and forty-eight days remained on the six-year statute of limitations, Or. Rev. Stat. § 12.080(2), when Plaintiffs commenced *NPCC I* in the district court on November 13, 2009. Section 1367(d) then tolled the limitations period from that day until November 4, 2013 (30 days after this court's mandate issued in *NPCC I*). The remaining one year and forty-eight days of the limitations period then resumed running. *Artis v. District of Columbia*, ___ U.S. ___, 2018 WL 491524, at *3 (2018). Plaintiffs re-filed these claims in the instant action on November 15, 2013, well before the balance of the statutory period would have expired on December 22, 2014.

[8] For example, Plaintiffs argue that they are entitled to recover on Claim 9 under the "inherent power" of the PUC to enforce its orders. The current complaint does not allege such a basis for relief, but it could perhaps be amended to do so. We express no opinion on the viability of such a claim, either procedurally or on the merits, or on whether Oregon law recognizes such a private right of action.

Because Claims 9–11 do not present any substantial federal issues, and we affirm the dismissal of the other claims with prejudice, the district court should consider whether remand of this action to the Oregon state court is warranted.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**